UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

| | |
|---|---|
| MILLER FAMILY INDUSTRIES, INC., | No. 1:25-cv-02923-LJL |
| Plaintiff, | ORAL ARGUMENT REQUESTED |
| -against- | **NOTICE OF MOTION** |
| CHRISTOPHER IVES, | |
| Defendant. | |

--------------------------------------------------------------------

### DEFENDANT CHRISTOPHER IVES'S NOTICE OF MOTION TO DISMISS AND FOR FEES AND COSTS

PLEASE TAKE NOTICE that, upon all papers served and proceedings had herein, including the Declaration of Christopher R. Ives dated April 16, 2025; the Declaration of Michael S. Marron, Esq., dated April 16, 2025; the accompanying Memorandum of Law; and such other and further papers and proceedings as may be filed or had, Defendant will move this Court, at a date and time to be determined by the Court, before the Honorable Lewis J. Liman, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 15C, New York NY 10007, for an Order dismissing this action under the doctrine of *forum non conveniens* and Fed. R. Civ. P. 11(a), 12(b)(3), and 12(f), and awarding Defendant his reasonable attorneys' fees and costs pursuant to the fee-shifting provision in the at-issue Memorandum of Understanding. In the alternative, Defendant will move this Court for an Order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In all events, Defendant will move this Court for an Order granting any additional relief that it deems necessary, just, or proper. Defendant further respectfully requests oral argument on this Motion.

Defendant brings this Motion on the grounds that the at-issue Memorandum of Understanding contains a clear, unambiguous, and mandatory forum selection clause requiring Plaintiff's claims in this action to be brought in the federal or state courts of Delaware. Moreover, Defendant brings this Motion on the grounds that the Complaint is not signed by an attorney in derogation of Fed. R. Civ. P. 11(a). In the alternative, Defendant brings this motion on the grounds that the Complaint fails to state a claim upon which relief can be granted, including because the negligent misrepresentation claim fails to allege the requisite special relationship; the common law fraud and fraudulent inducement claims are insufficiently particular and impermissibly seek recovery for non-actionable statements of future intent; and the breach-of-contract claim fails because Plaintiff admits it did not perform under the relevant contract.

Dated: New York, New York
April 16, 2025

Respectfully submitted,

PATRICK | DOERR PLLC

/s/ Michael Marron
Michael S. Marron, Esq.
michael.marron@patrickdoerr.com

**PATRICK|DOERR**

1501 Broadway, Suite 2310
New York, New York 10036
Telephone: (212) 680-4052

*Attorneys for Defendant Christopher Ives*

2