UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILLER FAMILY INDUSTRIES, INC.,

    Plaintiff,

-against-

CHRISTOPHER IVES,

    Defendant.

No. 1:25-cv-02923-LJL

---

### DECLARATION OF CHRISTOPHER R. IVES

I, Christopher R. Ives, declare as follows:

1.    I am the Defendant in the above-captioned action and I submit this declaration in connection with the accompanying Motion to Dismiss and for Fees and Costs. At all times relevant to this action, I have been a citizen of the State of California, where I currently live.

2.    On or about May 23, 2023, I entered into and executed the Memorandum of Understanding by, between and among Miller Family Industries, LLC ("MFI"), Christopher Ives, Wendy Peza, and Jenny Merris ("MOU"). Attached hereto as Exhibit A is a true and correct copy of the MOU dated May 23, 2023.

3.    Pursuant to the terms of the MOU, the parties formed and incorporated a Delaware limited liability company named Levo Funding, Inc. ("Levo"). At all relevant times, Levo's main office, and principal place of business, was located in San Diego County, California.

4.    I was CEO of Levo pursuant to an Employment Agreement. Attached hereto as Exhibit B is a true and correct copy of the Employment Agreement by and between Christopher Ives and Levo Funding, Inc., dated July 17, 2023 ("Levo Employment Agreement").

5. MFI consistently failed to fund Levo under the terms of the MOU, but I continued to deliver substantial value for Levo despite the impediments from lack of funding, and I continued to fulfill all of my obligations under the MOU and Levo Employment Agreement. Nevertheless, in early 2024, MFI and Levo, acting through Jenny Merris, first wrongfully placed me on leave and then, on February 21, 2024, finally and wrongfully terminated me from Levo. My wrongful termination was supposedly "for cause," but this purported "cause" has never been adequately explained to me.

6. On or about February 15, 2024, after Jenny Merris had already placed me on leave, she had a conversation with me in which she attempted to intimidate me into not bringing legal action against Levo or MFI. She told me that MFI is "ruthless"; that MFI would "crush" me; that MFI "would stop at nothing to hurt" me; and that MFI "would respond in kind" if I sued Levo or MFI. She also threatened that "they've [MFI] already stolen your reputation, don't make them ruin it as well." Jenny Merris further warned me that if I took legal action against MFI or Levo, they would sue me in New York or New Jersey, because "they [MFI] know you can't afford it." She elaborated that my family and I would not be able to handle the costs of the travel and legal fees, and that MFI "will bleed you." Jenny Merris admitted that this strategy of increasing my legal fees, or "bleed[ing]" me, was discussed with MFI's Alan and Abraham ("Abe") Miller, among others. I thus understood Jenny Merris's clear threat to be that New York would be an unreasonably expensive and inconvenient place for me to defend against a lawsuit.

7. On or about September 10, 2024, I brought suit (through counsel) against Levo, asserting ten (10) causes of action that included breach of the Levo Employment Agreement, in the Superior Court of the State of California, County of San Diego. Attached hereto as Exhibit C

2

is a true and correct copy of the Complaint For Damages in the action captioned *Christopher Ives v. Levo Funding, Inc.*, No. 24CU011858N (Cal. Super. Ct. S.D. Cty.) ("California Action").

8. Levo moved to compel arbitration of the California Action, and my attorney opposed the motion on my behalf. On February 20, 2025, the court in the California Action issued its Tentative Ruling ahead of a February 21, 2025 hearing. The Tentative Ruling granted Levo's motion to compel arbitration. Attached hereto as Exhibit D is a true and correct copy of the court's February 20, 2025 Tentative Ruling for Hearing Date February 21, 2025 in the California Action.

9. On February 21, 2025, the same day as the hearing in the California Action confirming that it was being ordered to arbitration, MFI filed the operative Complaint currently pending against me here, in the Supreme Court for the State of New York, County of New York, in the action captioned *Miller Family Industries, Inc. v. Christopher Ives*, No. 152387/2025 (Sup. Ct. N.Y. Cty.) ("NY State Action"). I understand that the NY State Action was subsequently removed to this federal court.

10. The Complaint contains a large number of falsehoods, fabrications, and misrepresentations that seek to smear my reputation. Although I look forward to correcting the record and vigorously defending myself against all of these lies, I understand that they will be addressed elsewhere in due course. For purposes of this Motion to Dismiss, I will focus on the Complaint's gross inaccuracies concerning my insignificant "meeting" with Alan and Abe Miller on May 8, 2023, in New York City.

11. Contrary to the Complaint's incorrect allegations and misplaced implications, I did not have any significant or substantive "initial discussions" about Levo (or any other company) in New York City with Alan and Abe Miller. Compl. ¶ 7. Rather, on May 8, 2023, I simply spoke with the Millers for about 15 minutes at the hotel lobby bar of an industry event in New York.

3

There were no negotiations during this brief meetup. We did not discuss substantive terms regarding the MOU or Levo. Indeed, there were no laptops, no presentations, and no materials.

12. In fact, it would have been impossible to have substantive "initial discussions" with the Millers on May 8, 2023, because by that time, negotiations regarding the MOU and Levo were either completed or well developed, and this is reflected in contemporaneous written documents.

13. For example, MFI's own Meeting Minutes from May 1, 2023, reflect discussions regarding employee hires and roles, investment opportunities, ownership percentages, and back office support for Levo. They note, among other things, that "Abe [Miller] has worked up a fund," "Alan and Abe [Miller] willing to deploy $100M to start," and that "Jenny [Merris] is working on the MOU" and "[w]ill get it to Alan and Abe by the end of the week" (before May 8, 2023). Attached hereto as Exhibit E is a true and correct copy of the "Meeting Minutes For [Miller Family Industries]" dated May 1, 2023.

14. Also, email correspondence between and among Wendy Peza, Abe Miller, Alan Miller, MFI's Gabriela Lavin, and me from May 3, 2023, through May 5, 2023, show that we had already discussed specific equity percentages for Levo. Attached hereto as Exhibit F is a true and correct copy of an email chain between and among Wendy Peza, Abe Miller, Alan Miller, Gabriela Lavin, and Christopher Ives from May 3, 2023, through May 5, 2023.

15. Other than the aforementioned May 8, 2023, meetup with Alan and Abe Miller for 15 minutes at a hotel lobby bar, I never interacted with them (or anyone else) regarding Levo or the MOU in the State of New York before the MOU was signed.

16. I firmly believe that MFI filed the NY State Action in New York for the purpose of harassing me and forcing me to expend additional costs litigating in a far-away and inconvenient forum. I also strongly believe it is follow-through on Jenny Merris's threats to me.

I hereby declare, under penalty of perjury, that the foregoing is true and correct.

Dated: April 16, 2025

*Christopher Ives*

_____

Christopher R. Ives

## CERTIFICATE *of* SIGNATURE

**REF. NUMBER**
NMGUX-B7NHS-ASW6P-RHJ4Z

**DOCUMENT COMPLETED BY ALL PARTIES ON**
17 APR 2025 00:26:44 UTC

**SIGNER**
**CHRISTOPHER IVES**
EMAIL
CRIVES@GMAIL.COM

**TIMESTAMP**
SENT
17 APR 2025 00:26:44 UTC
SIGNED
17 APR 2025 00:26:44 UTC

**SIGNATURE**
*Christopher Ives*

IP ADDRESS
174.65.78.167
LOCATION
SAN DIEGO, UNITED STATES