# EXHIBIT A

# MEMORANDUM OF
# <u>UNDERSTANDING</u>

This **MEMORANDUM OF UNDERSTANDING** (the "MOU") is entered into on this 23rd day of May, 2023 (the "Effective Date") by, between and among Miller Family Industries, LLC, a Delaware limited liability company having its principal place of business located at 1 North Johnston Avenue, Suite D-304, Hamilton, New Jersey ("MFI"), Christopher Ives, an individual whose address is 6824 Rolando Knolls Drive, La Mesa, California 91942 ("Mr. Ives"), Wendy Peza, an individual whose address is 1504 Collier Street, Unit 10, Austin, Texas 78704 ("Ms. Peza"), and Jenny Merris, an individual whose address is 27 Golf Drive, Aliso Viejo, California 92656 ("Ms. Merris"). The parties hereto are individually referred to as a "Party" and collectively as the "Parties."

**WHEREAS**, the Parties are negotiating to form a limited liability company under the Delaware Limited Liability Company Act (as amended from time to time and any successor statute thereto), 6 Del. Code § 18-101, et seq. (the "**DLLC Act**"), and to engage in any and all activities necessary or incidental thereto (the "**Joint Venture**"); and

**WHEREAS**, the Parties are proposing that the proposed Delaware limited liability company to be formed shall be owned by the Parties in the ownership percentages outlined in Section 1 below; and

**WHEREAS**, upon the formation of the proposed Delaware limited liability company, the Parties propose to enter into an Operating Agreement for the company, as well as a Definitive Agreement regarding the Joint Venture, which will contain material terms as set forth in this MOU, as well as other mutually agreed upon terms relating to the ownership, operation and management of the proposed Delaware limited liability company; and

**WHEREAS**, this MOU is not legally binding upon the Parties, but is merely intended as a term sheet, subject to further written documentation, between the Parties regarding the formation of the proposed Delaware limited liability company and the Joint Venture necessary and/or incidental thereto.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged and for the mutual promises contained herein, and subject to further written documentation, the Parties hereto agree as follows:

1. **<u>Entity Formation, Ownership and Management</u>.** Within that period which is no more than ninety (90) days after the Effective Date, the Parties shall do all things necessary to cause the proposed limited liability company to be formed under the DLLC Act. Subsequent to formation of the limited liability company, the Parties shall do all things necessary to prepare and enter into a written Operating Agreement, governed by the laws of the State of Delaware. After preparation of the

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

proposed Operating Agreement, the Parties shall do all things necessary to prepare employment agreements between the proposed Delaware limited liability company, and Mr. Ives, Ms. Peza, Ms. Merris, and Mr. Michael Renteria.

The Parties propose that the business of the limited liability company will be to provide commercial working capital financing products to small businesses and medium sized business across the United States, with the goal of eventually entering international markets as well.

The Parties agree that the initial ownership of the proposed limited liability company shall be structured as follows:

(a)     MFI will initially own 95% of the proposed Delaware limited liability company.

(b)     Mr. Ives, Ms. Peza, and Ms. Merris will jointly own 5% of the proposed Delaware limited liability company.

(c)     The net profits, if any, for the limited liability company shall be divided on a pro rata basis among the respective owners in the allocations as set forth above and pursuant to any additional terms and conditions as shall be contained in the Operating Agreement for the proposed company and/or the Definitive Agreement for the proposed Joint Venture.

The Parties further agree that initial management of the proposed limited liability company will be structured as follows:

(d)     A seven (7) member board of directors shall be appointed for the proposed Delaware limited liability company. The initial members of the board shall be the following:

  • Alan J. Miller
  • Abraham Miller
  • (to be nominated by MFI)
  • (to be nominated by MFI)
  • Christopher Ives (to be designated as chairman of the board)
  • (to be nominated by individual Parties)
  • (to be nominated by individual Parties)

(e)     The purpose of the board of directors shall be protecting membership interests, establishing policies for managing the limited liability company, overseeing governance of the limited liability company, overseeing and supervising use of funds and the financial accounts to be maintained by the limited liability company, and making critical business decisions which may

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

Page **2** of **8**

DocuSign Envelope ID: 98055197-F61C-4839-9341-2322E10D25B7

affect the limited liability company.

(f) The board of directors shall appoint several managers/officers for the company, who will be responsible for conducting the day-to-day operations of the proposed Delaware limited liability company. The initial group of managers/officers shall include the following:

- Christopher Ives, Chief Executive Officer
- Wendy Peza, Chief Operating Officer
- Jenny Merris, Chief Legal Officer; and
- Michael Renteria, Chief Financial Officer

(g) Subject to their proposed written employment agreements, the managers/officers of the proposed Delaware limited liability company shall operate the company in such manner as will be set forth in the Operating Agreement for the proposed company.

2. **Contributions and Financing**. Within that period which is no more than ninety (90) days after the formation of the proposed Delaware limited liability company, the Parties shall make the following contributions to and financing for the proposed company:

(a) The individual Parties will undertake the formation of the proposed Delaware limited liability company; build out the operations of proposed limited liability company, including customer relationship management systems, underwriting procedures, operational processes, loan management and accounting systems, relationships with independent sales organizations and strategic partners, sales training materials, and marketing strategies and grant to the proposed company a license ("License") of CRM, processes, procedures and systems ("Technology") and provide technical support to the proposed company in relation to the Technology.

(b) MFI will undertake to contribute to the proposed Delaware limited liability company the monthly sum of two to five million ($2,000,000.00 - $5,000,000.00) for operating capital (not including administrative costs for salaries, and other related matters), with the firsts monthly contribution contemplated to begin within ninety (90) days of formation of the proposed company.

(c) The Parties envisage that MFI will make capital funds available for contribution to the proposed Delaware limited liability company for up to five (5) years after the Effective Date. The proposed cash infusion which could be made available by MFI during that period shall range in the amount of $27,000,000.00 – $65,000,000.00. If operations of the proposed Delaware limited liability company go well, MFI's proposed cash infusion

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

Page **3** of **8**

will amount to $100,000,000.00.

3. **<u>Additional Ownership Option</u>.** Within eighteen (18) months after the Effective Date, the individual Parties shall receive an additional one and one-quarter percent (1¼%) ownership interest (from 5% to 6.25%) in the proposed Delaware limited liability company.

4. **<u>Definitive Agreement and/or Operating Agreement</u>.** This MOU is subject to further documentation to be negotiated, prepared, and entered into by the Parties. Within ninety (90) days from the date of formation of the proposed Delaware limited liability company, the Parties will negotiate in good faith the Operating Agreement for the proposed company, as well as any Definitive Agreement related to the Parties' Joint Venture. The agreement(s) shall contain the terms set forth herein, as well as other terms to include, but not limited to, restrictions on transfer and voting rights and other mutually agreed upon terms and conditions.

5. **<u>Term</u>.** This MOU shall remain in effect for a period of ninety (90) days from the Effective Date, as may be extended by a mutual written agreement of the Parties (collectively, the "Term"). In the event the Parties fail to enter into an Operating Agreement and/or a Definitive Agreement during the Term, as contemplated herein, then this MOU will terminate and MFI's capital contributions as set forth in paragraph 2 above, and any additional contributions, will be returned to MFI.

6. **<u>Governing Law and Venue</u>.** This MOU and the rights and obligations of the Parties hereunder shall be governed, construed and their provisions interpreted by, under and in accordance with, the laws of the State of Delaware (excluding the laws applicable to conflicts or choice of law). The Parties hereto, to the extent that they may legally do so, hereby irrevocably consent to the exclusive jurisdiction and venue of the state or federal courts of the State of Delaware.

7. **<u>Confidential Information</u>.** The Parties understand and acknowledge that during the Agreement Term, the Parties will have access to and learn about Confidential Information, as defined below.

   (a) **Definition.** For purposes of this Agreement, "**Confidential Information**" includes, but is not limited to, all information not generally known to the public, in spoken, printed, electronic or any other form or medium, relating directly or indirectly to: business processes, practices, methods, policies, plans, publications, documents, research, operations, services, strategies, techniques, agreements, contracts, terms of agreements, transactions, potential transactions, negotiations, pending negotiations, know-how, trade secrets, computer programs, computer software, applications, operating systems, software design, web design, work-in-process, databases, manuals, records, articles, systems, material, sources of material, supplier information, vendor information, financial information, results, accounting

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

Page **4** of **8**

information, accounting records, legal information, marketing information, advertising information, pricing information, credit information, design information, of MFI, the individual Parties, their business, and/or their proposed Joint Venture and the proposed Delaware limited liability company, or its businesses, or of any other person or entity that has entrusted information to the Parties in confidence.

The Parties understand that the above list is not exhaustive, and that Confidential Information also includes other information that is marked or otherwise identified as confidential or proprietary, or that would otherwise appear to a reasonable person to be confidential or proprietary in the context and circumstances in which the information is known or used. The Parties understand and agree that Confidential Information includes information developed by them during the course of this Agreement.

Confidential Information shall not include information that is generally available to and known by the public at the time of disclosure to the Parties; provided that, such disclosure is through no direct or indirect fault of the Parties or person(s) acting on the Parties' behalf.

**(b)** **Parties Agree not to Disclose Confidential Information.** The Parties agree not to use or disclose Confidential Information other than as permitted or required by this MOU or as required by law. The Parties shall comply with the provisions of this MOU relating to privacy and security of Confidential Information, and shall not disclose to any person, entity, and third-party any information relating to, regarding, and/or arising out of this MOU, the Parties, their business, and/or any agreements/joint ventures/business ventures contemplated by this MOU.

8. **<u>Non-Compete and Non-Solicitation.</u>** Under this MOU, proprietary and Confidential Information will be shared between the Parties for use in evaluating the proposed Joint Venture and potential business relations arising out of same. In order to protect the Parties, they desire to include and incorporate this non-competition and non-solicitation clause into the MOU. The Parties agree to the following:

(a) At no time during the Term of this MOU will the Parties engage in any business activity which is competitive with their proposed Joint Venture and the proposed Delaware limited liability company. Additionally, for a period of one (1) year immediately following the termination of this MOU, the Parties will not engage in any business activity which competes with the business activities of either MFI or the individual Parties within 50 miles of their principal places of business.

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

Page **5** of **8**

(b)    During the term of this MOU, and for a period of one (1) year immediately thereafter, the Parties shall not, directly or indirectly, disclose to any person, firm or corporation the names or addresses of any of the customers or clients of the Parties, or any other information pertaining to them. And,

(c)    During the term of this MOU, and for a period of one (1) year immediately thereafter, the Parties shall not hire, employ, work alongside, or partner with any current employees, sales staff, or former employees or sales staff of MFI or the individual Parties.

9.    **<u>Successor and Assigns</u>.** The rights of any Party pursuant to this MOU shall not be assigned by any Party, nor may any obligations of any Party be delegated, without the prior written consent of the other Party hereto, which consent shall not be unreasonably withheld. The rights hereunder shall inure to the benefit of, and the o obligations shall be binding upon, the successor of any party hereto as a result of a merger or liquidation, dissolution or the laws of descent and distribution.

10.    **<u>Notices</u>.** Except as otherwise provided in this MOU, any notices required by this MOU to be given to any Party hereto shall be in writing and shall be mailed, by registered, certified or overnight mail, postage prepaid, return receipt requested or sent by national overnight courier to the Party's address set forth in the preamble hereof. Notices shall be deemed to be given two (2) days after the date of mailing in the manner stated above.

11.    **<u>Full Authority to Execute</u>.** Each of the Parties represent and warrant that the person executing this Agreement on its behalf, or in their individual capacity, has the authority to enter into this MOU on its behalf having full knowledge of this MOU, this proposed transaction, and its other material terms and conditions.

12.    **<u>Professional Fees</u>.** Each of the Parties shall be responsible for the payment of their own professional fees with respect to negotiation and analysis of the transactions contemplated by this MOU; provided, however, that if any arbitration or litigation is necessary to interpret or enforce the terms of this MOU, the prevailing party will be entitled to recover its reasonable attorney's fees and costs.

13.    **<u>Section Headings</u>.** Section or other headings contained in this MOU are for reference purposes only and shall not affect in any way the meaning or interpretation of this MOU.

14.    **<u>Amendment</u>.** This MOU may not be amended except by an instrument in writing signed by all the Parties.

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

DocuSign Envelope ID: 98055197-F61C-4839-9341-2322E10D25B7

15. **Severability.** Should any part, term or provision of this MOU or any document required herein to be executed be judicially determined by a court of competent jurisdiction and venue to be invalid, void or unenforceable, then all remaining parts, terms and provision hereof shall remain in full force and effect and shall in no way be invalidated, impaired or affected thereby.

16. **Entire Understanding.** This MOU states the entire understanding reached between and among the Parties with respect to the subject matter hereof, and supersedes any and all other prior or contemporaneous understandings, written or oral.

17. **No Waiver.** There shall be no waiver of the provisions of this MOU, unless such waiver is made in writing and signed by the waiving Party. No act or omissions by any Party shall be deemed a waiver.

18. **Counterparts.** This MOU may be executed in one or more counterparts, each of which will be deemed to be an original copy of this MOU and all of which, when taken together, will be deemed to constitute one and the same understanding. This MOU may be executed on signature pages exchanged by facsimile or by electronic transmission in so-called PDF format, each of which shall be deemed originals for purposes of this MOU.

*Remainder of Page Intentionally Left Blank*
*Signature Page to Follow*

*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

DocuSign Envelope ID: 98055197-F61C-4839-9341-2322E10D25B7

IN WITNESS WHEREOF, the Parties hereto have executed this Memorandum of Understanding as of the day and year indicated above as the Effective Date.

MILLER FAMILY INDUSTRIES, LLC:

By: _____
Signature of Recipient's Designated and
Authorized Representative

Its:  President
_____
Capacity of Designated Representative

Alan Miller
_____
Printed name of Designated Representative


CHRISTOPHER IVES

_____
Signature of Mr. Ives


WENDY PEZA

_____
Signature of Ms. Peza


JENNY MERRIS

_____
Signature of Ms. Merris


*Memorandum of Understanding –*
Proposed Joint Venture between
Miller Family Industries, LLC
and Christopher Ives, et al

Page **8** of **8**