# EXHIBIT D

**SUPERIOR COURT OF CALIFORNIA**
COUNTY OF SAN DIEGO
NORTH COUNTY COURTHOUSE

TENTATIVE RULINGS - February 20, 2025

HEARING DATE:  2/21/2025        HEARING TIME:  1:30 P.M.        DEPT.:  N-28

JUDICIAL OFFICER:  Hon. Earl H. Maas, III

CASE NO.:24CU011858N

CASE TITLE:  Ives vs Levo Funding

CASE TYPE:  (U)Defamation

HEARING TYPE:  Motion to Compel Arbitration

---

Defendant Levo Funding, Inc.'s ("Defendant") motion to compel arbitration and stay action (ROA # 12) is granted.

### *Factual Background*

On July 17, 2023, Plaintiff Christopher Ives ("Plaintiff") and Defendant, by and through its President Alan Miller, entered into a contract entitled Employment Agreement. (Merris Decl., ¶ 5, Ex. 1; Plaintiff Decl., ¶ 3.) The Employment Agreement called for Plaintiff to serve as CEO of Defendant for a term of three years in exchange for compensation as detailed in Section 3 of the Employment Agreement. (Merris Decl., ¶ 5, Ex. 1.) Plaintiff does not dispute he executed the Employment Agreement.

Contained within the body of the Employment Agreement is a section entitled 'Arbitration.' (Merris Decl., Ex. 1, § 7.) The Arbitration section of the Employment Agreement is extremely broadly stating "any past, present, or future dispute, controversy, or claim arising under or relating to this Agreement, arising under any federal, state, or local statute, regulation, law, ordinance, or the common law (including but not limited to any law prohibiting discrimination), and/or under any other confidentiality or non-disclosure agreement, and/or in connection with [Plaintiff's] employment, or termination thereof…shall be submitted to binding arbitration as provided herein." (Merris Decl., ¶ 5, Ex. 1.) The agreement details California law, including federal law as applied in California courts, will apply. (Merris Decl., ¶ 5, Ex. 1.)

The arbitration provision includes a strict confidentiality provision which states, "[t]he arbitration shall be conducted on a strictly confidential basis, and no Party, arbitrator, or other person or entity shall disclose the existence of a claim, the nature of a claim, any documents, correspondence, pleadings, briefing, exhibits, or information exchanged or presented in connection with such a claim, or any rulings, decisions, or results of any claim or argument…to any third party, with the sole exception of the Parties' legal counsel, who also shall be bound by these confidentiality terms." (Merris Decl., ¶ 5, Ex. 1.)

The agreement to arbitrate is silent as to discovery or the costs associated with arbitration, though it does note any arbitration pursuant to the Employment Agreement shall be administered by the American Arbitration Association ("AAA")…[and] conducted in accordance with the AAA Arbitration Rules for Employment Disputes…" (Merris Decl., Ex. 1.)

### *Existence of an Agreement to Arbitrate*

---

CASE NUMBER: 24CU011858N
CASE TITLE: Ives vs Levo Funding

---

"On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the [parties] to arbitrate the controversy if it determines that an agreement to arbitrate exists…" (*Code Civ. Proc.* § 1281.2.) The party moving to compel arbitration bears the initial burden of proving, by a preponderance of the evidence, an agreement to arbitrate exists. (*Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 842.)

Here, the Court finds Defendant has met its initial burden of establishing an agreement to arbitrate exits by attaching and authenticating a copy of the executed Employment Agreement.

### ***Plaintiff's Challenges to the Application Agreement***

After the existence of an agreement to arbitrate is established, the party opposing an agreement bears the burden of proving by a preponderance of the evidence any fact necessary to a defense. (*Ruiz, supra,* 232 Cal.App.4th at p. 842.) "A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds for the revocation of any contract." (*Code Civ. Proc.* § 1281.)

Plaintiff argues the arbitration provision of the Employment Agreement is unconscionable under both California and federal law and otherwise deficient under California law because: (a) it must specifically state the arbitrator is neutral; (b) it doesn't "specifically provide for more than minimal discovery"; (c) it limits the type of relief Plaintiff can obtain in court by prohibiting *any* recourse in courts and requiring "strict confidentiality"; (d) it's silence on who is to bear the costs associated with arbitration implies the costs will be split and such a split has been held unconscionable in California; and (e) it seeks to serve as a vehicle for the waiver of Plaintiff's statutory rights under FEHA.

### *Unconscionability*

Plaintiff challenges the Application Agreement as unconscionable. Unconscionability has both a procedural and substantive element. Both elements must be present for a court to refuse to enforce a contract, but they are evaluated on a "sliding scale" and "need not be present in the same degree." (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114.) The more substantively oppressive the contract term, the less procedural unconscionability is required to conclude that the term in unconscionable, and vice versa. (*Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 689.)

If a court, as a matter of law, "finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." (*Civ. Code* § 1670.5(a).)

### Procedural Unconscionability

Procedural unconscionability requires "oppression" or "surprise." (*Lane, supra,* 224 Cal.App.4th at p. 689.) "Oppression occurs where a contract involves a lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." (*Ibid.*) "Surprise" covers "a variety of deceptive practices and tactics, including hiding a clause in a mass of fine print or phrasing a clause in language that is incomprehensible to a layperson." (*Penilla v. Westmont Corp.* (2016) 3 Cal.App.5th 205, 216.)

---

CASE NUMBER: 24CU011858N
CASE TITLE: Ives vs Levo Funding

Procedural unconscionability can exist where a stronger party drafts the contract and presents it to the weaker party on a take-it-or-leave-it basis. While an adhesion contract is not automatically unenforceable as unconscionable if the contractual terms fall "outside the reasonable expectations of the weaker party" it may be unenforceable. (See *Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 179.)

Plaintiff argues the agreement to arbitrate is procedurally unconscionable because: (a) he was not permitted to negotiate the terms of or the inclusion of the arbitration provision at or around the time he signed it (Plaintiff Decl., ¶¶ 5-6); (b) it was prepared exclusively by Defendant and presented to Plaintiff as a completed, non-negotiable document, and thus, was a contract of adhesion (Plaintiff Decl., ¶¶ 4-6); and (c) the arbitration provision does not explicitly list the rules of the arbitration (Plaintiff Decl., ¶ 7). In response to these arguments, Defendant presents declaratory evidence that Plaintiff was involved in the negotiation of the Employment Agreement, was an executive with bargaining power, and Defendant's failure to attach the arbitration rules is not procedurally unconscionable (see *Trevdi v. Curexo Tech. Corp.* (2010) 189 Cal.App.4th 387).

After consideration of the totality of evidence presented by all parties in conjunction herewith, the Court finds the agreement to arbitrate contains a diminutive level of procedural unconscionability. While the Court is convinced Plaintiff engaged in negotiating some aspects of the Employment Agreement, the Court is not convinced Plaintiff meaningly engaged in negotiating *all* of the terms of the Employment Agreement. While the level of procedural unconscionability is certainly minimized by Plaintiff's stature as an executive and not an unskilled worker, the Court finds there exists a diminutive level of procedural unconscionability due to the nature of presentation of the Employment Agreement to Plaintiff.

Substantive Unconscionability

Substantive unconscionability focuses on "overly harsh" or "one-sided" terms or results. (*A&M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473, 486-487.) In *Armendariz*, the California Supreme Court adopted five "minimum requirements" for the "lawful arbitration" of statutory workplace rights. (*Armendariz, supra,* 24 Cal.4th at p. 102.) An agreement is lawful if it: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." (*Ibid.*) Our Court of Appeal has subsequently held the "[e]limination of or interference with any of these basic provisions makes an arbitration agreement substantively unconscionable." (*Wherry v. Award, Inc.* (2011) 192 Cal.App.4th 1242, 1248.)

Plaintiff argues the arbitration provision of the Employment Agreement is substantively unconscionable because: (a) it's silence on costs infers cost sharing between Plaintiff and Defendant; and (b) requires strict confidentiality for any and all topics associated with this dispute. Though addressed separately, the Court interprets the following arguments of Plaintiff as also addressing substantive unconscionability: (a) the arbitration provisions failure to specifically state the arbitrator is to neutral; (b) the failure to ensure more than minimal discovery; (c) limitations on the type of relief Plaintiff can obtain from courts based, in part, on the arbitration provision's strict confidentiality provision; and (d) the arbitration provision cannot limit Plaintiff's rights under FEHA.

After consideration of the totality of evidence presented by all parties in conjunction herewith, the Court finds the agreement to arbitrate contains a moderate to high level of substantive unconscionability. While the Court declines to engage in a lengthy discussion concerning it finds the arbitration provision's silence regarding costs and failure to ensure more than minimal discovery substantively unconscionable. Additionally, the arbitration provision's extremely broad "strict confidentiality" provision contravenes both California and federal law.

CASE NUMBER: 24CU011858N
CASE TITLE: Ives vs Levo Funding

Despite the foregoing, the Court finds the agreement to arbitrate contains "evidence of an intent to sever any illegal provision" (see *Keene v. Harling* (1964) 61 Cal.2d 318, 321), and, thus, the agreement to arbitrate can be enforced subject to remedying the unconscionable provisions therein. The Court does not find the agreement to arbitrate is so permeated by unconscionability so as to render the agreement unenforceable.

### *Ruling*

In sum, Defendant's motion to compel arbitration and stay action (ROA # 12) is granted. The Court finds the arbitration provision of the Employment Agreement shows a diminutive level of procedural unconscionability and a moderate to high level of substantive unconscionability. In light of evidence of an intent to sever any void or voidable provision from the agreement to arbitrate, the Court elects to remedy these issues by ordering this matter to arbitration subject to the following: (a) Defendant is to bear the full costs and expenses associated with the arbitration (though nothing in this ruling is meant to limit the arbitrator's ability to allocate costs and fees based on the prevailing party at a later date); (b) the arbitration provision's strict confidentiality provision is hereby stricken; (c) the arbitrator shall be neutral and agreed upon by both parties; (d) Plaintiff's right to discovery, both in form and volume, is to be identical to those in this Court; (e) any statutory right of Plaintiff to appeal shall be preserved; and (f) all relief available to Plaintiff in this Court shall also be made available to Plaintiff in arbitration.

This matter is hereby stayed pending resolution of the arbitration. An OSC re: dismissal for failure to complete arbitration is set for February 27, 2025, at 10:30 a.m.