```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MILLER FAMILY INDUSTRIES, INC.                                         :
                                                                       :
                                Plaintiff,                             :
                                                                       :          25-cv-02923 (LJL)
           -v-                                                         :
                                                                       :          MEMORANDUM AND
CHRISTOPHER IVES,                                                      :              ORDER
                                                                       :
                                Defendant.                             :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/10/2025__

LEWIS J. LIMAN, United States District Judge:

Defendant Christopher Ives ("Defendant") moves to dismiss this action under the doctrine of *forum non conveniens*. Dkt. No. 12. For the reasons set forth below, the motion to dismiss is denied.

For its motion to dismiss, Defendant relies on a forum-selection clause in the Memorandum of Understanding ("MOU") binding Plaintiff Miller Family Industries, LLC ("Plaintiff") and Defendant. Dkt. No. 4 at 6. The clause states the following: "The Parties hereto, to the extent that they may legally do so, hereby irrevocably consent to the exclusive jurisdiction and venue of the state or federal courts of the State of Delaware." Dkt. No. 5-1 at 5. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013); *see also Rabinowitz v. Kelman*, 75 F.4th 73, 80 (2d. Cir. 2023); *Martinez v. Bloomberg LP*, 740 F.3d 211, 218 (2d Cir. 2014). However, when "the transferee forum is within the federal court system . . . Congress has replaced the traditional remedy of outright dismissal with transfer." *Atl. Marine Constr. Co.*, 571 U.S. at 60. The forum-selection clause in the MOU contemplates both state and federal courts in Delaware. Dkt.

No. 5-1 at 5.  In a summary order, the Second Circuit stated that where the forum-selection clause allows actions to be brought "in either federal or state courts" of a given state and the forum-selection clause is found to be enforceable, the court within its discretion may "dismiss[] without prejudice under the doctrine of *forum non conveniens* or transfer[] the claims to the [relevant] United States District Court . . . pursuant to 28 U.S.C. § 1404(a)."  *Darkpulse, Inc. v. FirstFire Global Opportunities Fund, LLC*, 2024 WL 1326964 at  *2 (2d Cir. Mar. 28, 2024).  In that case, where the clause was found enforceable and the moving party had requested that "any surviving claims be 'transferred to the correct forum,'" the Second Circuit found transfer to a federal court pursuant to 1404(a) was "warranted," "as opposed to dismissal . . . to refiling in state court." *Id.* at 3.

Here, Defendant, the moving party, explicitly "did not consent" to the Court treating the present motion to dismiss as a motion to transfer pursuant to 28 U.S.C. § 1404(a).  Dkt. No. 28 at 1.  Instead, after the Court issued an Order stating that it intended to treat the present motion as one pursuant to Section 1404(a), Defendant asked the Court to do something procedurally nonsensical: "dismiss this action in lieu of venue in Delaware state court" such that Defendant can "be permitted to decide whether the action continues in federal or state court in Delaware." *Id.*; *see also* Dkt. No. 27.  There is no procedure by which Defendant could name itself as a Defendant in federal or state court in Delaware.  In effect, Defendant asks the Court to disregard the presumption in favor of transfer for a default rule of dismissal whenever a forum-selection clause permits litigation to be brought in state or federal court.  Such a default rule would fly in the face of the animating purpose of Section 1404(a) to replace dismissal with transfer where another federal forum is available.  Accordingly, where a court must enforce a forum-selection clause, and that clause identifies an alternative forum within the federal court system as a "more

2

convenient place for trial of the action," aside from the "rare instances where a state or territorial court serves litigational convenience best," Congress has provided via Section 1404(a) that transfer is the more appropriate remedy. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007); *see also Atl. Marine Constr. Co.*, 571 U.S. at 59–61; *see also* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3841 (4th ed. 2023) ("When the superior alternative is another federal district court, the case is transferred, and not dismissed."). It follows that, without a good reason, the Court cannot opt to dismiss rather than to transfer a case based on a forum-selection clause allowing transfer to a coordinate federal court.

Finally, Defendant also argues that the Court should dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) for failure to plead venue. Dkt. No. 22 at 9. That argument was made for the first time in reply and thus is deemed waived.[1] *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *Farmer v. United States*, 2017 WL 3448014 at *3 (S.D.N.Y. 2014) ("Courts have repeatedly held that arguments raised for the first time in reply briefs are waived."); *Mateo v. Bristow*, 2013 WL 3863865 at *8 (S.D.N.Y. 2013) ("It is well established . . . that a court should not 'consider arguments that are raised for the first time in a reply brief.'").[2]

---

[1] In its opening memorandum of law, Defendant asserted that the Court could dismiss the complaint under Rule 12(b)(3) based on the forum-selection clause. Dkt. No. 4 at 13 n.3. But, for reasons already discussed, Rule 12(b)(3) is not the proper vehicle for a *forum non conveniens* argument based on a forum selection clause. Defendant did not argue that Plaintiff failed to plead facts sufficient to satisfy the statutory standard for venue.

[2] Courts tend to refer to this extinguishment of an argument by failure to timely raise the argument as "waiver." *See Farmer v. United States*, 2017 WL 3448014 at *3 (S.D.N.Y. 2014) (collecting cases). However, the proper articulation may be "forfeiture," since the extinguishment constitutes a failure to "make the timely assertion" of their right, as opposed to a voluntary or intentional one. *See U.S. v. Olano*, 507 U.S. 725, 733 (1993) (stating that, in the context of appellate authority, waiver is the "intentional relinquishment or abandonment of a

The motion to dismiss is DENIED without prejudice. The Clerk of Court is respectfully directed to close Dkt. No. 12.

SO ORDERED.

Dated: July 10, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

known right," whereas forfeiture is simply the failure to make a timely assertion of the right).